JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE SCHWARTZ E LIQUID, a California Corporation, and THUY NGUYEN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>EIGHTCIG, L.L.C., a Nevada Limited Liability Company, dba EightCig and dba EightVape, IBTS LLC, a Florida Limited Liability Company, IBTS 1 LLC, a Florida Limited Liability Company; and DOES 3 through 10,<br><br>Defendants. | **Case No. 8:18-cv-00672 AG (FFMx)**<br><br>**ORDER GRANTING STIPULATED PERMANENT INJUNCTION** |

Pursuant to the Stipulation for Permanent Injunction entered into by and between plaintiffs The Schwartz E Liquid and Thuy Nguyen ("Plaintiffs"), and defendant EightCig, L.L.C. ("Defendant"), (collectively, the "Parties"),

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Defendant and each of its predecessors, successors, affiliates, employees, assigns, agents, representatives, heirs, and attorneys, agrees not to sell, distribute, advertise, market, or manufacture any products or services offered for sale by Plaintiff, including, but not limited to, Plaintiff's products bearing the marks NAKED 100, NKD 100, The Schwartz, USA Vape Lab, and Sorbae (collectively, "Plaintiffs' Marks").

2. Defendant and each of its officers, directors, partners, agents, servants, employees, attorneys, representatives, confederates, and all persons and entities acting for with, by, through or under it, and any others within its control or supervision, and all others in active concert or participation with the above, is permanently enjoined and restrained, from using Plaintiffs' Marks, either alone or in combination with other words or symbols, in the marketing, sales, distribution, promotion, advertising, identification, or in any other manner in connection with any business in the United States.

3. Defendant and each of its officers, directors, partners, agents, servants, employees, attorneys, representatives, confederates, and all persons and entities acting for, with, by, through or under it, and any others within its control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from using Plaintiffs' Marks in any form or manner that would tend to identify or associate Defendant's businesses or services with Plaintiffs or their products;

4. Defendant will deliver to Plaintiffs' attorney within thirty (30) days after the entry of this injunction, to be impounded or destroyed by Plaintiffs, all products bearing Plaintiffs' Marks, including all BāR Pod vape starter kit devices,

and/or pods, and all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, stationery, and any other items in its possession or control relating to Plaintiffs' products or bearing Plaintiffs' Marks;

5. Defendant will instruct, within thirty (30) days after the entry of this injunction, any print directory, Internet directory, or website that it has caused to display Plaintiffs' Marks to cease using such marks at the earliest possible date;

6. Within thirty (30) days after entry of this injunction, Defendant will file with the Clerk of this Court and serve Plaintiffs, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the foregoing injunction;

7. Plaintiff will file a Notice of Dismissal and an accompanying Proposed Order within ten (10) business days of Plaintiff receiving a satisfactory written report from Defendant pursuant to Paragraph 6 herein;

8. The Parties have had the opportunity to consult with legal counsel of their choice and are fully informed and aware of the legal effect and consequences of this Stipulated Injunction;

9. The Court shall retain jurisdiction over this matter subsequent to the dismissal of the action for the purpose of enforcing this injunction.

IT IS SO ORDERED.

Dated: February 21, 2019

_____
Hon. Andrew J. Guilford
United States District Court Judge